UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHELDON HILTON,<br>Plaintiff,<br>v.<br>PAGANI WORLDWIDE LLC, et al.,<br>Defendants. | Case No. 19-cv-01848-VC (DMR)<br>**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS**<br>Dkt. No. 98 |

Pro se Plaintiff James Sheldon Hilton filed this employment discrimination action against Defendants Pagani Worldwide LLC ("Pagani") and Francesco Zappacosta in April 2019. Defendants now move pursuant to Federal Rule of Civil Procedure 37 to dismiss the entire action due to Hilton's repeated failures to appear at his court-ordered deposition. They also seek monetary sanctions for costs incurred as a result of his second failure to appear. [Docket No. 98 (Mot.).] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court recommends that Defendants' motion to dismiss the action be granted.

## I.   BACKGROUND

This lawsuit involves a single claim for race discrimination in violation of 42 U.S.C. § 1981. Hilton is African American. He worked for Pagani as an Operations Manager and reported to Zappacosta. He alleges that Defendants discriminated against him, demoted him, and terminated his employment in 2015 based on his race. [*See* Docket No. 45 (Am. Compl.).] Fact discovery closed on March 2, 2020. [Docket No. 58.]

The parties discussed the scheduling of Hilton's deposition at the February 4, 2020 case management conference before the Honorable Vince Chhabria. [Docket No. 90.] According to Defendants, Judge Chhabria directed Hilton to choose a deposition date within the March 2, 2020

1  discovery deadline and confirm his availability on the record.  Hilton chose February 28, 2020 and
2  Judge Chhabria ordered Hilton to appear for his deposition on that date.  [Docket No. 91 (Feb. 5,
3  2020 Order).]  Hilton failed to appear for his deposition as ordered.  Defendants subsequently filed
4  unilateral discovery letter briefs regarding Hilton's non-appearance at his deposition as well as
5  Hilton's deficient responses to written discovery.  Defendants requested sanctions.  [Docket Nos.
6  92, 93.]

7  The undersigned held a hearing on March 13, 2020 regarding Hilton's failure to appear at
8  his deposition and the sufficiency of his responses to written discovery.  As a result of that
9  hearing, and with the advance permission of Judge Chhabria, discovery was reopened for the sole
10 purpose of allowing Hilton's deposition to proceed and for service of Hilton's amended responses
11 to written discovery.  The undersigned ordered Hilton to appear in person for his deposition on
12 March 16, 2020 at defense counsel's office.  [Docket No. 96 (March 13, 2020 Minute Order).]
13 The court expressly warned Hilton during the hearing and in writing that if he "fail[ed] to comply
14 with the court order to appear in person for his deposition on [March 16, 2020], his case may be
15 terminated as a sanction pursuant to Rule 37(b)(2)(a)(v), and he will be responsible for paying
16 court reporter costs incurred by Defendants for the [March 16, 2020] deposition." *Id*.

17 Hilton failed to appear for his deposition on March 16, 2020.  He later emailed counsel,
18 stating "that he was unable to attend his deposition as the notice was unreasonable and
19 unconstitutional."  Mot. 2.

20 Defendants now move for dismissal of this action in its entirety pursuant to Rule
21 37(b)(2)(a)(v) based on Hilton's failure to comply with two court orders requiring his appearance
22 for deposition.  They also seek monetary sanctions.

23 **II.     LEGAL STANDARD**

24 Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions for discovery
25 violations, including a party's failure to obey a court order to provide or permit discovery.  Fed. R.
26 Civ. P. 37(b)(2)(A).  Such sanctions may include ordering a party to pay the reasonable expenses,
27 including attorneys' fees, caused by its failure to comply with the order or rule.  Fed. R. Civ. P.
28 37(b)(2)(C).  A court may also dismiss an action in whole or in part.  Fed. R. Civ. P.

1  37(b)(2)(A)(v).

2  In determining whether dismissal under Rule 37(b) is appropriate, the court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998) (citation and internal quotation marks omitted). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Id.* at 1057 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Because dismissal is such a severe sanction, the court must also find that the plaintiff's non-compliance is "due to willfulness, bad faith or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)); *Ct. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (same).

### III.  DISCUSSION

Defendants ask the court to dismiss this action in its entirety based on Hilton's failure to comply with the February 5, 2020 and March 13, 2020 court orders requiring his appearance at deposition. They also request monetary sanctions.

#### A.  Dismissal Under Rule 37

The court first considers whether Hilton's noncompliance with the two court orders was willful, before turning to the five factors to determine whether dismissal is warranted.

##### 1.  Willfulness, Bad Faith, or Fault

Conduct is willful, in bad faith, or the fault of the litigant under Rule 37 if it is not "outside the control of the litigant." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Disobedient conduct not shown to be outside the litigant's control meets this standard.") (citation and internal quotation marks omitted).

Both court orders directing Hilton to appear for his deposition were clear and unequivocal. Judge Chhabria ordered Hilton to appear for his deposition on February 28, 2020, a date that

3

Hilton selected and confirmed. It is also undisputed that Hilton understood that he had to appear for his deposition on March 16, 2020 or face dismissal of his case. Nothing in the record suggests that Hilton failed to attend either deposition due to circumstances outside of his control. These facts support a finding of willfulness. *See Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("Non-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.") (citation and internal quotation marks omitted). The court finds that Hilton's behavior demonstrates a willful intent to avoid appearing for his deposition.

### 2. Dismissal Factors

Having found that Hilton's noncompliance was willful, the court now considers the five dismissal factors. For the reasons discussed below, the court finds that the factors weigh heavily in favor of dismissal.

The first two factors—"the public interest in expeditious resolution of litigation" and "the court's need to manage its docket"—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Both factors weigh in favor of dismissal here. By disobeying two court orders and ultimately failing to appear for his deposition both during and after the original discovery deadline, Hilton irreparably impeded the litigation process. His pattern of behavior in avoiding his deposition also resulted in the expenditure of judicial time and resources. In this way, Hilton's actions wasted "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The third factor, "the risk of prejudice to the defendants," also weighs in favor of dismissal. "In determining whether a defendant has been prejudiced, [courts] examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The court finds that Hilton's actions have prejudiced Defendants. The fact discovery deadline was March 2, 2020. By refusing to appear for his deposition, Hilton stymied Defendants' ability to

adequately and timely prepare their defense and unreasonably delayed the progress of this case. *See Chih-Cheng Tsao v. Cty. of Los Angeles, Office of Assessor*, No. CV 09-1268-JST CWX, 2011 WL 1532331, at *6 (C.D. Cal. Mar. 30, 2011), *report and recommendation adopted sub nom. Chih Cheng Tsao v. Cty. of Los Angeles*, No. CV 09-1268 JST CWX, 2011 WL 1532014 (C.D. Cal. Apr. 22, 2011) (finding third factor met; "Without the opportunity to obtain [the plaintiff's] sworn deposition testimony regarding the alleged factual basis for her claims, [the defendants]' ability to defend this action appropriately and efficiently has been impeded.") (citing cases).

The fourth factor, "the public policy favoring disposition of cases on their merits," weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

However, the last factor, "the availability of less drastic alternatives," weighs in favor of dismissal. "In determining whether a district court has properly considered the adequacy of less drastic sanctions before dismissing a party's case, [the Ninth Circuit] consider[s] (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995). A district court need not implement a less severe sanction if it "reasonably conclude[s]" that a lesser sanction would be "pointless." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1170 (9th Cir. 2012) (citation and internal quotation marks omitted)).

Having carefully considered the record, the court finds that a less severe sanction such as ordering Hilton (again) to appear at a deposition would not be feasible and would in fact be pointless under these circumstances. As discussed above, the court twice ordered Hilton to appear for his deposition, and the February 5, 2020 order directed him to appear on a date specifically chosen by Hilton. The undersigned expressly warned him at the March 13, 2020 hearing and in writing that his case could be dismissed if he failed to appear again. Notwithstanding these orders and warnings, Hilton chose not to appear. Given these facts, the court finds that it is highly

1    unlikely that it could achieve compliance by issuing yet another order compelling his attendance at
2    a deposition.
3           Hilton received ample warning that dismissal was imminent. *See Oliva v. Sullivan*, 958
4    F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that
5    dismissal is imminent."); *Ferdik*, 963 F.2d at 1262 ("A district court's warning to a party that
6    failure to obey the courts order will result in dismissal can satisfy the 'consideration of [less
7    drastic sanctions] requirement.'") (citation and internal quotation marks omitted).  As discussed,
8    Hilton received a clear warning from the undersigned that his failure to comply with the March 13,
9    2020 court order to appear at his deposition on March 16, 2020 could result in dismissal of his
10   case.  March 13, 2020 Minute Order.
11          In sum, although dismissal is a harsh sanction, the court concludes that no lesser sanction
12   would be effective or appropriate given Hilton's efforts to dodge his most fundamental discovery
13   obligation by refusing to appear for his deposition.  The fact that Hilton is self-represented does
14   not excuse him from compliance with court orders. *See Gordon v. Cty. of Alameda*, No. CV 06–
15   02997–SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("[P]ro se plaintiffs must abide
16   by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted."); *see*
17   *also Sanchez*, 298 F.R.D. at 470-73 (dismissing pro se prisoner's action for failure to respond to
18   discovery and failure to comply with three court orders to respond to discovery); *Valentine v.*
19   *Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal of pro se plaintiff's
20   action under Rule 37 due to the pro se plaintiff's "sustained and willful intransigence in the face of
21   repeated and explicit warnings from the court that the refusal to comply with court orders to
22   appear for his deposition would result in the dismissal of his action").
23          Based on the foregoing, the court finds that Hilton's noncompliance with two court orders
24   requiring him to appear at his deposition was willful and recommends that dismissal under Rule
25   37 is warranted under these circumstances.

     **B.    Monetary Sanctions**

27          Rule 37 authorizes the imposition of sanctions including attorneys' fees and costs caused
28   by a party's failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C).  Defendants

request an unspecified amount of monetary sanctions for Hilton's failure to appear on March 16, 2020 for his deposition. As noted, the court warned Hilton that if he failed to comply with the court order to appear for his deposition on March 16, 2020, "he will be responsible for paying court reporter costs incurred by Defendants for the [March 16, 2020] deposition." March 13, 2020 Minute Order. Defendants did not set forth the amount of sanctions they request and did not submit evidence of the court reporter costs they incurred. Therefore, within seven days of the date of this order, Defendants shall submit evidence under penalty of perjury setting forth any court reporter costs they incurred for Hilton's failure to appear on March 16, 2020. The court will issue a further order setting forth the amount, if any, of Rule 37(b)(2)(C) sanctions.

## IV.  CONCLUSION

For the reasons above, the court recommends that Defendants' motion to dismiss this action be granted and Hilton's action be dismissed. Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: April 16, 2020



Donna M. Ryu
United States Magistrate Judge